Case 2:24-mj-03717-DUTY *SEALED* Document 3 Filed 08/06/24 Page 1 of 12 Page ID #:10
Case 2:24-cr-00517-JLS Document 1 Filed 08/26/24 Page 1 of 121 Page ID #:38

Page ID #:40

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means ☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
Central District of California

In the Matter of the Search of 1365 Darius Ct, City of Industry, California 91745 )
)
)
) Case No. 2:24-MJ-3717
)
)
)
)
)

**FILED**
CLERK, U.S. DISTRICT COURT
8/6/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: ___MMC___ DEPUTY

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the Central District of California *(identify the person or describe the property to be searched and give its location)*:

*See Attachment A-1*

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

*See Attachment B*

Such affidavit(s) or testimony are incorporated herein by reference and attached hereto

**YOU ARE COMMANDED** to execute this warrant on or before <u>14 days from the date of its issuance</u> *(not to exceed 14 days)*

☒ in the daytime 6:00 a.m. to 10:00 p.m.  ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to <u>the U.S. Magistrate Judge on duty at the time of the return through a filing with the Clerk's Office.</u>

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

☐ for ___ days *(not to exceed 30)*  ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: June 21. 2024 11:38 a.m.    _____
                                                  *Judge's signature*

City and state: Los Angeles, CA    Hon. Alka Sagar, Magistrate Judge
                                   *Printed name and title*

AUSA: <u>Colin S. Scott (x3159)</u>

Case 2:24-mj-03717-DUTY *SEALED* *SUBMITTED* Document 3 Filed 08/05/24 Page 2 of 2 Page ID #:41
Case 2:24-cr-00517-DMG Document 31-1 Filed 10/25/24 Page 2 of 12 Page ID #:412
Page ID #:41

AO 93C (Rev. 8/18) Warrant by Telephone of Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.: 2:24-MJ-03717 | Date and time warrant executed: 06/25/2024  0730 Hours | Copy of warrant and inventory left with: On scene |
| Inventory made in the presence of : SA Dylan Greer | | |
| Inventory of the property taken and name of any person(s) seized: Grey Apple Iphone 13 Pro Max (S/N: LYK9W76F22)(IMEI: 353869220774807) Black Apple Iphone 14 (S/N: M0736Y9V59)(IMEI: 358393411230508) | | |

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 08/01/2024

MARTINA DOINO
Digitally signed by MARTINA DOINO
Date: 2024.08.01 11:11:11 -07'00'

*Executing officer's signature*

Special Agent Martina Doino

*Printed name and title*

Case 2:24-mj-03717-DUTY *SEALED* Document 3 Filed 08/06/24 Page 3 of 12 Page ID #:105
Case 2:24-mj-03717-DUTY *SEALED* Document 1 Filed 08/05/24 Page 30 of 121 Page ID #:42
Page ID #:42

**ATTACHMENT A-1**

**PREMISES TO BE SEARCHED**

The premises to be searched is a one story 23,000 Square foot warehouse, with tan exterior walls located at 1365 Darius CT, Hacienda Heights, CA 91745 (the "SUBJECT PREMISES 1"). The front of the warehouse has tan/green exterior walls. The number and street address 1365 Darius CT is indicated in blue lettering on small exterior wall by the front entrance. SUBJECT PREMISES 1 is depicted in the photograph below. SUBJECT PREMISES 1 includes any garage, storage containers, parking spaces, offices, rooms, and closets exclusively assigned to SUBJECT PREMISES 1 and the vehicles parked on the curtilage and the driveway.



29

## ATTACHMENT B

**ITEMS TO BE SEIZED**

    1.    The items to be seized are evidence, contraband fruits, or instrumentalities of violations of 18 U.S.C. § 549 (Removing Goods from Customs Custody); 18 U.S.C. 371 (Conspiracy); 18 U.S.C. § 545 (Smuggling Goods into the United States); and 18 U.S.C. § 542 (Entry of Goods by Means of False Statements) (collectively, the "SUBJECT OFFENSES"), namely:

        a.    Any high security bolt seals, including any counterfeit or duplicate high security bolt seals;

        b.    Any communications between James Rosales and Sonic ZHENG regarding the diversion of cargo containers;

        c.    All records related to the shipment of containers with the following seal numbers: SYA0247776, SYA2110804 GCXU5487131, CSNU8204660, and GCXU5487131, GCXU5622150 , OOLU6779024 and others which were diverted to the SUBJECT PREMISES 1 and 2;

        d.    Any counterfeit items or prohibited food items deemed not inspected by CBP;

        e.    Data, records, documents, programs, applications or materials relating to the smuggling of goods, including ledgers, pay/owe records, distribution or customer lists, correspondence, receipts, records, and documents noting price, quantities, and/or times of smuggled goods were bought, sold or otherwise distributed and any materials, documents, or records that are related to the sale, purchase, receipt, or possession

of any smuggled goods, including books, receipts, photographs, bills of sale, shipping receipts, identification cards, bank statements, and correspondence discussing, requesting or confirming purchase, sale or shipment;

      f.    Tools, paraphernalia, or materials used as a means of packaging, selling, or distributing smuggled goods;

      g.    Any indicia of occupancy, residency, or ownership of the SUBJECT PREMISES and things described in the warrant, including forms of personal identification, records relating to utility bills, telephone bills, loan payment receipts, rent receipts, trust deeds, lease or rental agreements, addressed envelopes, escrow documents, keys, photographs, letters, mail, canceled mail envelopes, or clothing;

      h.    Items of personal property reflecting names, addresses, telephone numbers, or communications of members or associates involved in the smuggling activities, including personal telephone books, address books, telephone bills, photographs, videotapes, facsimiles, personal notes, cables, telegrams, receipts, and documents and other items;

      i.    Any bills and/or subscriber documents related to digital devices;

      j.    United States currency, money orders, or similar monetary instruments over $1,000 or bearer instruments worth over $1,000 (including cashier's checks, traveler's checks, certificates of deposit, stock certificates, and bonds);

      k.    Items used in the packaging of currency for consolidation and transportation, such as money-counting

32

Case 2:24-mj-03717-DUTY *SEALED* Document 3 *SEALED* Filed 08/06/24 Page 6 of 12 Page ID #:108
Case 2:24-mj-03717-DUTY *SEALED* Document 3 *SEALED* Filed 08/06/24 Page 6 of 12 Page ID #:108
Page ID #:45

machines, money wrappers, rubber bands, plastic or shrink wrap, and plastic sealing machines;

   l. Records, documents, programs, applications, or materials reflecting or relating to payment, receipt, concealment, transfer, or movement of money, including but not limited to bank account records and other financial institution records, wire transfer records, receipts, safe deposit box keys and records, and notes;

   m. Records, communications, information, documents, programs, applications, or materials relating to communications made or records submitted to U.S Customs and Border Protection concerning the importation of merchandise;

   n. Records, communications, information, documents, programs, applications, or materials relating to communications made or records submitted to logistics companies or transporters of cargo containers;

   o. Records, communications, information, documents, programs, applications, or materials relating to communications made or records submitted to any/all customs house broker(s);

   p. For all digital devices, records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show address book information, including all stored or saved telephone numbers;

   q. For all digital devices, records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show call log information, including all telephone numbers dialed from any digital devices used to

33

Case 2:24-mj-03717-DUTY *SEALED* Document 3 Filed 08/06/24 Page 7 of 12 Page ID #:109
Case 2:24-mj-03717-DUTY *SEALED* Document 3 Filed 08/06/24 Page 7 of 12 Page ID #:109
Page ID #:46

facilitate the SUBJECT OFFENSES and all telephone numbers accessed through any push-to-talk functions, as well as all received or missed incoming calls;

  r. Records, documents, programs, applications or materials, or evidence of the absence of same, sufficient to show SMS text, email or social media communications or other text or written communications sent to or received from any digital device;

  s. Contents of any calendar or date book, including any calendars or date books stored on any digital devices;

  t. Audio recordings, photographs, video recordings or still captured images on any digital device, phone memory cards, or other storage related to the purchase, sale, transportation, or distribution of controlled substances and listed chemicals or the collection, transfer or laundering of the proceeds of illegal activities;

  u. GPS coordinates and other location information or records identifying travel routes, destinations, origination points, and other locations;

  v. Any digital device used to facilitate the above listed violations and forensic copies thereof.

112. Any digital device which is itself or which contains evidence, contraband, fruits, or instrumentalities of the SUBJECT OFFENSES, and forensic copies thereof.

113. With respect to any digital device containing evidence falling within the scope of the foregoing categories of items to be seized:

34

    a. evidence of who used, owned, or controlled the device at the time the things described in this warrant were created, edited, or deleted;

    b. evidence of the presence or absence of software that would allow others to control the device, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

    c. evidence of the attachment of other devices;

    d. evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the device;

    e. evidence of the times the device was used;

    f. applications, programs, software, documentation, manuals, passwords, keys, and other access devices that may be necessary to access the device or data stored on the device, to run software contained on the device, or to conduct a forensic examination of the device;

    g. records of or information about Internet Protocol addresses used by the device.

  114. As used herein, the terms "records," "information," "documents," "programs," "applications," and "materials" include records, information, documents, programs, applications, and materials created, modified, or stored in any form, including in digital form on any digital device and any forensic copies thereof.

115. As used herein, the term "digital device" includes any electronic system or device capable of storing or processing data in digital form, including central processing units; desktop, laptop, notebook, and tablet computers; personal digital assistants; wireless communication devices, such as telephone paging devices, beepers, mobile telephones, and smart phones; digital cameras; gaming consoles (including Sony PlayStations and Microsoft Xboxes); peripheral input/output devices, such as keyboards, printers, scanners, plotters, monitors, and drives intended for removable media; related communications devices, such as modems, routers, cables, and connections; storage media, such as hard disk drives, floppy disks, memory cards, optical disks, and magnetic tapes used to store digital data (excluding analog tapes such as VHS); and security devices.

**SEARCH PROCEDURE FOR DIGITAL DEVICES**

116. In searching digital devices or forensic copies thereof, law enforcement personnel executing this search warrant will employ the following procedure:

    a. Law enforcement personnel or other individuals assisting law enforcement personnel (the "search team") will, in their discretion, either search the digital device(s) on-site or seize and transport the device(s) and/or forensic image(s) thereof to an appropriate law enforcement laboratory or similar facility to be searched at that location. The search team shall complete the search as soon as is practicable but not to exceed 120 days from the date of execution of the warrant. The

government will not search the digital device(s) and/or forensic image(s) thereof beyond this 120-day period without obtaining an extension of time order from the Court.

   b. The search team will conduct the search only by using search protocols specifically chosen to identify only the specific items to be seized under this warrant.

    i. The search team may subject all of the data contained in each digital device capable of containing any of the items to be seized to the search protocols to determine whether the device and any data thereon falls within the scope of items to be seized. The search team may also search for and attempt to recover deleted, "hidden," or encrypted data to determine, pursuant to the search protocols, whether the data falls within the scope of items to be seized.

    ii. The search team may use tools to exclude normal operating system files and standard third-party software that do not need to be searched.

    iii. The search team may use forensic examination and searching tools, such as "EnCase," "Griffeye," and "FTK" (Forensic Tool Kit), which tools may use hashing and other sophisticated techniques.

   c. The search team will not seize contraband or evidence relating to other crimes outside the scope of the items to be seized without first obtaining a further warrant to search for and seize such contraband or evidence.

   d. If the search determines that a digital device does not contain any data falling within the scope of items to

37

be seized, the government will, as soon as is practicable, return the device and delete or destroy all forensic copies thereof.

       e.  If the search determines that a digital device does contain data falling within the scope of items to be seized, the government may make and retain copies of such data, and may access such data at any time.

       f.  If the search determines that a digital device is (1) itself an item to be seized and/or (2) contains data falling within the scope of other items to be seized, the government may retain the digital device and any forensic copies of the digital device, but may not access data falling outside the scope of the other items to be seized (after the time for searching the device has expired) absent further court order.

       g.  The government may also retain a digital device if the government, prior to the end of the search period, obtains an order from the Court authorizing retention of the device (or while an application for such an order is pending), including in circumstances where the government has not been able to fully search a device because the device or files contained therein is/are encrypted.

       h.  After the completion of the search of the digital devices, the government shall not access digital data falling outside the scope of the items to be seized absent further order of the Court.

    117. The review of the electronic data obtained pursuant to this warrant may be conducted by any government personnel

38

assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the investigating agency may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

118. The special procedures relating to digital devices found in this warrant govern only the search of digital devices pursuant to the authority conferred by this warrant and do not apply to any search of digital devices pursuant to any other court order.